ARTHUR HOPSON SAWYER, by JESSE HOPSON, his Guardian ad litem, Appellant, *v.* WILLIAM CUBBY and Another, as Executors, etc., of JENNIE SAWYER, Deceased, Respondents, Impleaded with EUNICE BAKER and Others.

*Construction of a will — a legacy void for unduly suspending the power of alienation — attempt to accomplish indirectly that which would be void if done directly.*

A legacy to take effect only on the happening of an event in the future, which will not necessarily take place within two lives in being at the death of the testator, is void.

In an action brought to obtain a construction of a will it appeared that a clause therein contained read as follows :

"*Fifth.* In the event that William Cubby, of Syracuse, N. Y., shall promptly pay all assessments, dues and premiums which during my life shall become due and payable on any insurance on my life, in any insurance company, association or organization, which insurance is or shall be for the benefit of and payable to my adopted son, Arthur Hopson Sawyer, and in the event further that such insurance or some part thereof shall be actually paid to said Arthur Hopson Sawyer within one year from my decease, then and in those events, I give, devise and bequeath to said William Cubby a sum of money which shall be equal in amount to the insurance money so paid to said Arthur Hopson Sawyer, not exceeding, however, the sum of six thousand dollars ($6,000.00)."

*Held,* that the legacy was void;

That Cubby had no vested interest in the legacy upon the death of the testatrix, and could secure none until both of the conditions mentioned in such clause had been fully performed;

That the provision in the will, that the insurance money "shall be actually paid to said Arthur Hopson Sawyer within one year from my decease," did not require the payments to be made to the beneficiary named in the policies during his lifetime, but was complied with if the payment was made to his assignee or legal representatives.

The fact that a party has sought to evade the law by doing indirectly what would have been void if done directly, does not present any persuasive reason why a court should indulge in any unusual construction to uphold the provisions of a clause in a will.

APPEAL by the plaintiff, Arthur Hopson Sawyer, by Jesse Hopson, his guardian *ad litem*, from a judgment of the Supreme Court in favor of the defendants dismissing the complaint upon the merits, entered in the office of the clerk of the county of Onondaga on the 28th day of November, 1892, upon the report of a referee.

*Hopkins & Bondy*, for the appellant.

*Costello & Welch*, for respondent Cubby.

*White & King*, for respondent Hinkley.

MARTIN, J.:

The purpose of this action was to obtain a construction of the will of Jennie Sawyer, deceased. Practically the only question in this case is as to the validity of the fifth clause of the will. In the first, second, third and fourth subdivisions she gave certain bequests, amounting to $1,000, about which there is no dispute. The fifth subdivision was as follows:

"*Fifth.* In the event that William Cubby, of Syracuse, N. Y., shall promptly pay all assessments, dues and premiums which during my life shall become due and payable on my insurance on my life, in any insurance company, association or organization, which insurance is or shall be for the benefit of and payable to my adopted son, Arthur Hopson Sawyer, and in the event further that such insurance or some part thereof shall be actually paid to said Arthur Hopson Sawyer within one year from my decease, then and in those events I give, devise and bequeath to said William Cubby a sum of money which shall be equal in amount to the insurance money so paid to said Arthur Hopson Sawyer, not exceeding, however, the sum of six thousand dollars ($6,000.00)."

By the sixth clause the residue and remainder of her estate was devised and bequeathed to her executor in trust to hold and pay the income thereof to Arthur Hopson Sawyer until he arrived at the age of thirty-five years, and then to pay over the principal to him. By the seventh the executor was authorized and empowered to sell and convey real estate.

The validity of the fifth clause is assailed upon the ground that it is violative of the statutes which prohibit the suspension of the power of alienation of property beyond two lives in being at the death of the testatrix. A legacy, to take effect only on the happening of an event in the future, which will not necessarily take place within two lives in being at the death of the testator, is void. (*Rose* v. *Rose*, 4 Abb. Dec. 108; *Booth* v. *Baptist Church*, 126 N. Y. 215.)

The respondents seek to uphold the judgment upon the theory

that the legacy vested on the death of the testatrix, subject to being defeated by the non-payment to her adopted son of any part of the insurance mentioned. The conditions in this paragraph of the will were that the respondent Cubby should pay all the assessments, dues and premiums which should, during the lifetime of the testatrix, become due and payable upon the policies, and also that such insurance, or some part thereof, should be actually paid to her adopted son within one year from her decease. Both these provisions were conditions precedent to the vesting of any interest in such legacy. That it was the intent of the testatrix that the legatee should have no right to the legacy mentioned, or any interest in her estate until both these conditions were peformed, is quite obvious. Hence, it follows that he had no vested interest in the legacy in question upon the death of the testatrix, and could acquire none until both conditions had been fully performed. Therefore, the ownership was left in abeyance, awaiting the result of a contingency which effected a suspension of the power of alienation not measured by lives.

We cannot adopt the view taken by the learned referee, that the will required the payments to be made to the beneficiary in the policies in his lifetime and thus limited the suspension to the life of one person in being at the death of the testatrix. We think the condition upon which this legacy was made to depend might have been performed as well by the payment of the insurance to an assignee or personal representative of Arthur Hopson Sawyer after his death, as by payment to his guardian who was his representative during his infancy. We can find nothing either in the will, or any circumstance disclosed by the evidence, which would justify us in holding that it was the testatrix' intent that the second condition upon which the legacy was based could only be performed by a payment to her adopted son while living. We think the provision, "shall be actually paid to said Arthur Hopson Sawyer within one year from my decease," is not to be so narrowly construed as to have required the payment to be made to him personally within one year of the death of the testatrix, but that the intent was that whatever sum came to him from the source mentioned, or of which he should have the benefit, either through the payment to himself, his assignee or personal representative would entitle Cubby to an equal amount out of the testatrix' estate, not to exceed $6,000. It is quite

obvious that the limit intended by this clause in the will was one year, and we find nothing in the will or in the evidence to indicate that any other limit of time was intended.

The appellant, however, contends, and the learned referee intimates in his opinion : (1) That this legacy was the result of an agreement between the testatrix and Cubby whereby the latter was to have the benefit of the insurance upon her life although he had no insurable interest whatsoever therein ; (2) that the scrivener who prepared the will foresaw and understood that the provision in question would be void under the statute unless the time was limited by the life of the beneficiary ; that he so advised the testatrix, and that the provision in question was inserted to avoid the statute by making it dependent upon the payment of the insurance during the life of her adopted son. As to the former proposition, it may be said that the fact that the party sought thus to evade the law by doing indirectly what would have been void if done directly, does not commend itself to us, or present any very persuasive reason why a court should indulge in any strained or unusual construction to uphold the provisions of this clause of the will. In the latter proposition we are unable to concur. If the scrivener foresaw the difficulty which was likely to arise under the statute, it is hardly possible to suppose that he would not have clearly stated as a part of the condition that it should be performed during the life of the testatrix' adopted son. Having failed to thus limit the time for complying with this condition, we think the words must be given their usual and ordinary meaning, and it must be held that the condition upon which this legacy was made to depend was not by the terms of the will required to be performed during the life of Arthur Hopson Sawyer, and, hence, the event upon the happening of which the legatee would be entitled to receive the legacy, would not necessarily occur within two lives in being at the death of the testatrix, and the paragraph of the will under consideration was void.

The judgment must be reversed and a new trial ordered, with costs to abide the event.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment reversed and new trial ordered, with costs to abide the event.